# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00028-CR

**Nakia DeShawn Lewis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-11-0418-SB, THE HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Nakia DeShawn Lewis was placed on deferred adjudication community supervision after she pleaded guilty to engaging in organized criminal activity. *See* Tex. Penal Code § 71.02(a)(5); Tex. Code Crim. Proc. art. 42.12, § 5(a). Subsequently, the trial court granted the State's motion to adjudicate after finding that appellant had violated the conditions of supervision.[1] The court adjudicated appellant guilty, revoked her community supervision, and assessed her

---

[1] The State's motion to adjudicate contained 12 paragraphs alleging that appellant had violated the conditions of supervision in various ways, including the commission of a new drug possession offense, the failure to pay certain fees associated with supervision (or submit forms indicating an inability to pay when she was financially unable to make such payments), the failure to report to her community supervision officer, the failure to complete community service work, the failure to report her arrest for the new drug possession offense, the failure to attend biweekly Alcoholics Anonymous/Narcotics Anonymous meetings, the violation of the imposed curfew, and associating with a known felon. At the adjudication hearing, the State abandoned two of the allegations and appellant pleaded not true to the remainder of the allegations. The State presented testimony from appellant's community supervision officer, officers from the San Angelo police department, and a forensic chemist, after which the trial court found the allegations to be true.

punishment at 20 years' confinement in the Texas Department of Criminal Justice.  *See* Tex. Code Crim. Proc. art. 42.12, § 5(b); Tex. Penal Code § 12.32.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit.  The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of her right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744.  Appellant requested access to the appellate record, and, pursuant to this Court's order, the clerk of the trial court provided written verification to this Court that the record was provided to appellant.  *See Kelly*, 436 S.W.3d at 321.  To date, appellant has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the adjudication proceeding and appellate counsel's brief—and find no reversible error.  *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  We agree with counsel that the record presents no arguably meritorious grounds for

2

review and the appeal is frivolous. Counsel's motion to withdraw is granted. The trial court's judgment adjudicating guilt is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:  July 1, 2015

Do Not Publish